IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEXAS ASSOCIATION OF MONEY SERVICES BUSINESSES (TAMSB) | § § § | |
| *Plaintiff*, | § § | |
| V. | § § | CIVIL ACTION NO. SA-25-CA-00344-FB |
| PAM BONDI, Attorney General of the United States; SCOTT BESSENT, Secretary of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY; ANDREA GACKI, Director of the Financial Crimes Enforcement Network; FINANCIAL CRIMES ENFORCEMENT NETWORK, | § § § § § § § § § | |
| *Defendants.* | § § | |

## TEMPORARY RESTRAINING ORDER

Having held a hearing on Plaintiff's Emergency Motion for Temporary Restraining Order and upon consideration of arguments presented by Plaintiff and Defendants, along with supporting memorandum, declarations and exhibits, the Court finds that:

1. Plaintiff has demonstrated a substantial likelihood of success on the merits of its claims under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and the Fifth Amendment to the United States Constitution.

2. Plaintiff has shown that it will suffer immediate and irreparable harm absent emergency injunctive relief, including the threat of business closure, reputational injury, and loss of customers and goodwill.

3. The balance of equities favors Plaintiff, as the requested relief merely preserves the status quo pending further judicial review, while Defendants will suffer no cognizable prejudice from a brief delay in implementation.

4. The public interest is served by maintaining lawful operations of regulated financial institutions and preventing unlawful agency action.

IT IS THEREFORE ORDERED that Plaintiff's Emergency Motion for Temporary Restraining Order (docket no. 5) is GRANTED such that Defendants, and their officers, agents, servants, employees, and all persons acting in concert or participation with them, are temporarily restrained from enforcing, implementing, or otherwise giving effect to the Geographic Targeting Order ("GTO") issued by the Financial Crimes Enforcement Network ("FinCEN") on March 11, 2025, and scheduled to go into effect on April 14, 2025, **as it applies to Plaintiff and its ten members.  In other words, the GTO does not apply to the ten businesses which are currently members of the Texas Association of Money Services Businesses (TAMSB).  Those businesses are:  1) Reynosa Casa de Cambio, Inc.; 2) Nydia Regalado D/B/A Best Rate Exchange; 3) Mario Regalado D/B/A Border International Services; 4) Laredo Insurance Services, LLC; 5) E.Mex. Financial Services, Inc.; 6) R & C, Inc. D/B/A Temex Money Exchange; 7) San Isidro Multi Services, Inc.; 8) Cris Win Inc. D/B/A Brownsville Casa de Cambio; 9) High Value, Inc.; and 10) Espro Investment LLC D/B/A Lonestar Money Exchange.  Plaintiff shall not add any new members.**

IT IS FURTHER ORDERED that Plaintiff and Defendants shall confer and file a proposed briefing schedule in anticipation of a preliminary injunction hearing to be held forty-five to sixty days from the date of this Order.

IT IS FURTHER ORDERED that Plaintiff shall not be required to post bond under Rule 65(c).

IT IS FINALLY ORDERED that this Temporary Restraining Order shall expire on **April 25, 2025**, unless extended by the Court for good cause shown, or upon the consent of the parties.

It is so ORDERED.

SIGNED this 11th day of April, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE