UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TEXAS ASSOCIATION FOR MONEY SERVICES BUSINESSES (TAMSB); HIGH VALUE, INC.; REYNOSA CASA DE CAMBIO, INC.; NYDIA REGALADO d/b/a BEST RATE EXCHANGE; MARIO REGALADO d/b/a BORDER INTERNATIONAL SERVICES; LAREDO INSURANCE SERVICES, LLC; E.MEX. FINANCIAL SERVICES, INC.; R & C, INC. d/b/a TEMEX MONEY EXCHANGE; SAN ISIDRO MULTI SERVICES, INC.; CRIS WIN INC. d/b/a BROWNSVILLE CASA DE CAMBIO; ESPRO INVESTMENT LLC d/b/a LONESTAR MONEY EXCHANGE; and ARNOLDO GONZALEZ, Jr., <br><br>*Plaintiffs*, <br><br>v. <br><br>PAM BONDI, ATTORNEY GENERAL OF THE UNITED STATES; SCOTT BESSENT, SECRETARY OF THE TREASURY; UNITED STATES DEPARTMENT OF THE TREASURY; ANDREA GACKI, DIRECTOR OF THE FINANCIAL CRIMES ENFORCEMENT NETWORK; and FINANCIAL CRIMES ENFORCEMENT NETWORK, <br><br>*Defendants*. | Civil Case No. 5:25-cv-00344-FB |

**PLAINTIFFS' OPPOSED MOTION
TO EXTEND THE TEMPORARY RESTRAINING ORDER
AND SET A BREIFING SCHEDULE**

Plaintiffs respectfully move this Court under Rule 65(b)(2) of the Federal Rules of Civil Procedure to extend the Temporary Restraining Order ("TRO") an additional 14 days, to May 9, 2025, and to set a briefing schedule for Plaintiffs' Motion for a Preliminary Injunction that would

1

allow for resolution of the motion before the expiration of the TRO. Contingent on the Court's extension of the TRO—as well on as the Court's determination that the proposed briefing schedule would allow for resolution of the preliminary injunction motion prior to expiration of the extended TRO—Plaintiffs propose the following briefing schedule, which the government has stated it is "amenable" to:

> April 18: Plaintiffs to file amended complaint and PI motion
>
> April 25: Defendants to file response to PI motion and administrative record
>
> April 28: Parties to disclose witnesses by noon (central)
>
> April 28: Plaintiffs to file reply by end of the day
>
> April 29-May 2: Dates for hearing depending on Court's availability

Plaintiffs note that they stand ready to proceed under any schedule that the Court deems necessary to ensure the TRO does not expire without a preliminary injunction in place.

Notwithstanding the parties' general agreement on the proposed briefing schedule, the parties cannot agree on an extension of the TRO. Accordingly, when counsel for the Plaintiffs conferred with counsel for Defendants pursuant to Local Rule 7(g), counsel for Defendants stated that they oppose the motion and will file a short opposition quickly.

## BACKGROUND

This case concerns a Geographic Targeting Order ("GTO") that requires certain businesses operating in thirty zip codes (located within seven counties) along the southwest border to report cash transactions over just $200 to the federal government. *See Issuance of a Geographic Targeting Order Imposing Additional Recordkeeping and Reporting Requirements on Certain Money Services Businesses Along the Southwest Border*, 90 Fed. Reg. 12106 (Mar. 14, 2025). On April 9, 2025, with the GTO set to go into effect on April 14, Plaintiff Texas Association of Money

Services Businesses ("TAMSB") sought a temporary restraining order to prevent serious and impending harm to its members' businesses. *See* Dkt. No. 5. On April 11, 2025, following a hearing, the Court entered a temporary restraining order. *See* Dkt. No. 13. The TRO directs that Defendants are restrained from implementing or enforcing the GTO with respect to the ten current members of TAMSB. Dkt. No. 13. The TRO further directs that the parties "confer and file a proposed briefing schedule in anticipation of a preliminary injunction hearing to be held forty-five to sixty days from the date" of the TRO. *Id*. By its terms, the TRO expires on April 25, 2025.

Counsel for Plaintiffs and the government have conferred about a proposed briefing schedule, as well as an extension of the TRO. *See* Exhibit A (correspondence between counsel). During this discussion, counsel for the government initially proposed a briefing schedule that is largely similar to the one proposed in this motion. *Id.* at 8. Counsel for Plaintiffs proposed some modifications, *id.* at 6-7, and the government's counsel responded that she was "amenable" to Plaintiffs' proposed schedule, *id.* at 5. The parties discussed that this proposed schedule would allow for the parties to present a fully-briefed motion for a preliminary injunction for the Court's resolution before the expiration of the TRO if the TRO were extended by the Court for a 14-day period as contemplated by Rule 65(b)(2). *Id.* at 4-6. Counsel for the government stated the government would consider consenting to a single 14-day extension of the TRO, but, late on April 17, informed Plaintiffs that consent would not be forthcoming. *Id.* at 1.

In line with the proposed schedule, Plaintiffs filed their amended complaint on April 18 and intend to file their motion for a preliminary injunction later this same day. Also this same day—and just one day after the government definitively indicated that it would not consent to an extension of the TRO—Plaintiffs are moving by the instant motion to extend the TRO and set the briefing schedule that has otherwise been agreed.

3

## ARGUMENT

**I.       Good Cause Exists To Extend The TRO For An Additional 14 Days.**

Pursuant to Federal Rule of Civil Procedure 65(b)(2), a TRO "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." *See also Nat'l Ass'n for Gun Rights, Inc. v. Garland*, No. 4:23-CV-00830-O, 2023 WL 5610293, at *12 (N.D. Tex. Aug. 30, 2023) ("The Federal Rules of Civil Procedure provide the option to extend a TRO an additional fourteen days for good cause shown."). Good cause exists to extend the TRO in this case for a "like period" of 14 days in order to allow for briefing and resolution of a motion for a preliminary injunction.

Courts find that "good cause" exists to extend a TRO to allow for briefing and consideration of a motion for a preliminary injunction. *See Nat'l Ass'n for Gun Rights*, 2023 WL 5610293, at *13 (finding good cause to extend TRO by 14 days so that it will remain in place "until such time that the Court can rule on [plaintiffs'] imminent preliminary injunction motion"); *Jani-King of Miami, Inc. v. Leicht*, No. 3:23-CV-0389-B, 2023 WL 2335658, at *4 (N.D. Tex. Mar. 2, 2023) (finding good cause to extend TRO where the "preliminary injunction [had] not been fully briefed" in order "to provide time to fully consider the various arguments and motions of the parties" (marks and citation omitted)); *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. CV 25-239 (LLA), 2025 WL 597959, at *4 (D.D.C. Feb. 25, 2025) (noting that the court had "extended the TRO for good cause until it could resolve Plaintiffs' forthcoming preliminary injunction motion"). Likewise, here, an extension is appropriate in order to ensure that the TRO will remain in place before a preliminary injunction motion can be fully briefed and then decided by the Court.

Extension would be particularly appropriate here, where the proposed briefing schedule is designed in part to facilitate the government's production of a record to support the challenged agency action. *See* Tr. of Hearing on TRO (Dkt. 14) at 85:24-86:9 (statement by government counsel that "what I'd like to do is make sure we have time to pull [the administrative record] together"). When government counsel reached out to suggest a briefing schedule, she suggested that the administrative record be filed on April 25—as in the schedule proposed here. *See* Exhibit A at 8. In other words, absent an extension of the TRO, it appears that the government is not able to prepare the administrative record for the Court's consideration until the date the TRO is set to expire. Given that the government has expressly suggested that the administrative record is necessary to decide a motion for a preliminary injunction, and that the government cannot prepare the administrative record in time for the Court to consider it absent an extension, the Court should hold that "good cause" exists to issue an extension.

II.     **The Court Should Issue A Briefing Schedule That Will Allow For A Decision On A Preliminary Injunction Motion Before The TRO Expires.**

The purpose of a TRO is to preserve the status quo until a court can rule on a motion for a preliminary injunction. *See Nat'l Ass'n for Gun Rights*, 2023 WL 5610293, at *12 (noting, in extending TRO, that a court "possesses inherent powers of equity sufficient to enable it to preserve the status quo" (marks and citation omitted)). With that in mind, Plaintiffs respectfully ask that the Court issue a briefing schedule that will allow the Court to fully resolve a motion for a preliminary injunction before the TRO has expired.

If the TRO is extended for fourteen days, Plaintiffs believe that the briefing schedule that is proposed in this motion (and that has been otherwise agreed upon by the parties) will allow for resolution of a motion for a preliminary injunction before the TRO expires. Plaintiffs, however, note that they stand ready to proceed under any briefing schedule that the Court deems necessary

5

to facilitate resolution of a preliminary injunction motion within the timelines contemplated by Rule 65(b)(2).

Dated: April 18, 2025

Martin Golando
The Law Office of Martin Golando, PLLC
Texas Bar No. 24059153
2326 W. Magnolia
San Antonio, Texas 78201
Office: (210) 471-1185
Email: martin.golando@gmail.com

Roland Gutierrez
The Law Office of Roland Gutierrez
SBN #: 24007291
104 Babcock Ste. 107
San Antonio, Texas 78201
(210) 225-7114

*Attorneys for Plaintiffs Texas Association for Money Services Businesses (TAMSB); Reynosa Casa De Cambio, Inc.; Nydia Regalado d/b/a Best Rate Exchange; Mario Regalado d/b/a Border International Services; Laredo Insurance Services, LLC; E.Mex. Financial Services, Inc.; R & C, Inc. d/b/a Temex Money Exchange; San Isidro Multi Services, Inc.; Cris Win Inc. d/b/a Brownsville Casa De Cambio; and Espro Investment LLC d/b/a Lonestar Money Exchange*

Respectfully submitted,

/s/ Christen Mason Hebert
Christen Mason Hebert (TX Bar No. 24099898)
Jeffrey Rowes (TX Bar No. 24104956)*
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org
jrowes@ij.org

Robert E. Johnson (DC Bar No. 1013390)*
INSTITUTE FOR JUSTICE
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
(703) 682-9320
rjohnson@ij.org

Elizabeth L. Sanz (CA Bar No. 340538)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
bsanz@ij.org

Katrin Marquez (FL Bar No. 1024765)*
INSTITUTE FOR JUSTICE
2 South Biscayne Blvd., Suite 3180
Miami, FL 33131
(305) 721-1600
kmarquez@ij.org

* Pending admission *pro hac vice*

*Attorney for Plaintiffs Arnoldo Gonzalez, Jr., and High Value, Inc.*

## CERTIFICATE OF SERVICE

      I certify that on April 18, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

                                               /s/ Christen Mason Hebert
                                               Christen Mason Hebert (TX Bar No. 24099898)