# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| TEXAS ASSOCIATION FOR MONEY SERVICES BUSINESSES (TAMSB); HIGH VALUE, INC.; REYNOSA CASA DE CAMBIO, INC.; NYDIA REGALADO d/b/a BEST RATE EXCHANGE; MARIO REGALADO d/b/a BORDER INTERNATIONAL SERVICES; LAREDO INSURANCE SERVICES, LLC; E.MEX. FINANCIAL SERVICES, INC.; R & C, INC. d/b/a TEMEX MONEY EXCHANGE; SAN ISIDRO MULTI SERVICES, INC.; CRIS WIN INC. d/b/a BROWNSVILLE CASA DE CAMBIO; ESPRO INVESTMENT LLC d/b/a LONESTAR MONEY EXCHANGE; and ARNOLDO GONZALEZ, Jr.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>PAM BONDI, ATTORNEY GENERAL OF THE UNITED STATES; SCOTT BESSENT, SECRETARY OF THE TREASURY; UNITED STATES DEPARTMENT OF THE TREASURY; ANDREA GACKI, DIRECTOR OF THE FINANCIAL CRIMES ENFORCEMENT NETWORK; and FINANCIAL CRIMES ENFORCEMENT NETWORK,<br><br>    *Defendants*. | Civil Case No. 5:25-cv-00344-FB |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

This matter comes before the Court on Plaintiff's Opposed Motion for a Preliminary Injunction. The Court has reviewed Plaintiff's motion and finds that it should be GRANTED.

On April 18, 2025, Plaintiffs moved for a preliminary injunction to enjoin the U.S. Department of the Treasury's Financial Crimes Enforcement Network ("FinCEN") from enforcing its March 14, 2025 geographic targeting order requiring money services businesses in certain zip codes near the southern border to report cash transactions over $200 to FinCEN. *See Issuance of a Geographic Targeting Order Imposing Additional Recordkeeping and Reporting Requirements on Certain Money Services Businesses Along the Southwest Border*, 90 Fed. Reg. 12106 (the "Border GTO").

Having considered the briefing and evidence in support, the Court finds that a preliminary injunction is warranted for the following reasons:

1.    Plaintiffs have shown they are likely to succeed on the merits of their claims.

    a.    The Border GTO constitutes an invasive search of personal and financial information that falls within the scope of the Fourth Amendment's protections. Because the Border GTO lacks individualized probable cause, it likely has the attributes of an unconstitutional general warrant.

    b.    The Border GTO likely violates the Administrative Procedure Act.

        i.    The Border GTO is a "rule" under 5 U.S.C. § 551(4) because it imposes new, affirmative obligations on money services businesses in 30 zip codes, the violation of which carries civil and criminal penalties. 90 Fed. Reg. 12,106(H). But Defendant Financial Crimes Enforcement Network (FinCEN) did not use the required notice and comment procedures, likely rending the Border GTO invalid.

        ii.    The Border GTO is also likely arbitrary and capricious. It makes unreasoned, irrational distinctions between zip codes, and it arbitrarily

lowered the reporting threshold from $10,000 to $200. FinCEN did not consider the collateral impact on businesses and individuals who, respectively, provide and need financial services.

c.  The Border GTO likely violates the nondelegation doctrine insofar as Congress failed to provide any intelligible principle in the relevant statutes for FinCEN to apply when imposing reporting requirements for cash transactions.

d.  The Border GTO likely violates the major questions doctrine because the sweeping economic and social effects of the Border GTO require input from Congress, not simply a stroke of Defendant Gracki's pen as the director of FinCEN.

2.  Plaintiffs have demonstrated serious irreparable harm, including the destruction of Plaintiffs' businesses, loss of reputation and goodwill. None of these economic harms are compensable because Defendants enjoy the sovereign immunity of the United States. Violations of constitutional rights are also irreparable.

3.  The balance of equities and public interest favor an injunction because of the constitutional and statutory implications of lawless and unconstitutional government action. Furthermore, the Court finds that the Border GTO is basically a data collection tool that FinCEN wants so it can examine patterns. There is no urgent need for the Border GTO that could counterbalance the concrete harms that it will impose.

4.  Court hereby enters a preliminary injunction barring Defendants from any action to enforce, implement, or otherwise carry into effect the Border GTO during the time the preliminary injunction remains in effect. This remedy is proper under the Court's inherent equitable authority, under 5 U.S.C. § 706(2), and under 5 U.S.C. § 705,

which authorizes the Court to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings."

5.    Plaintiffs shall not have to post bond.

Accordingly, it is hereby ORDERED that the government is so enjoined.

SIGNED this _____ day of April, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE