**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| TEXAS ASS'N FOR MONEY SERVICES BUSINESSES (TAMSB), et al., | |
| *Plaintiffs*, | |
| v. | |
| PAM BONDI, in her official capacity as Attorney General; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY; ANDREA GACKI, in her official capacity as the Director of the Financial Crimes Enforcement Network; FINANCIAL CRIMES ENFORCEMENT NETWORK, | Civil Action No. 25-cv-344 |
| *Defendants*. | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION**
**TO EXTEND TRO AND SET A BRIEFING SCHEDULE**

Defendants respectfully oppose any extension of the temporary restraining order ("TRO") in this matter, but request only minor modifications to the briefing schedule proposed by Plaintiffs.

With respect to the extension of the TRO, under Fed. R. Civ. P 65(b)(2), the Court may only extend the TRO if it finds "good cause" and enters the "reasons" for the extension on the record. Defendants continue to dispute that Plaintiffs have shown any likelihood of success on the merits or irreparable harm supporting a TRO for all of the reasons in its opposition and stated on the record, and thus decline to consent to an extension. The GTO is well within FinCEN's statutory authority, and already supported by a record showing that the agency considered the relevant factors (including those objections raised by Plaintiffs) and engaged in reasoned decision-making.

1

The additional evidence adduced by Plaintiffs to date does not support any claim that the GTO being in effect for a few days while the Court considers the preliminary injunction motion would be ruinous or devastating.  For example, at the hearing, Mr. Martinez testified that he wasn't ready to fully comply with the GTO in a few days because his engineers were still working on the software but that he was probably going to do it because Walmart was not going to handle those transactions.  Tr. 55-56.  In other words, there may be a large business opportunity for MSBs like his if they comply with the GTO.  He later stated that they might need to downsize in the future if their volume goes down, Tr. at 62-63, but there is no reason to think that is likely, and he never opined that it was.  Mr. Martinez testified as to pure hearsay that some smaller MSBs might shut down or reduce staff rather than purchase such software, Tr. 58, but FinCEN does not require any special software; some organizations use what he called batching software, and it is not necessary; there is an online data collection tool that any registered MSB can use without special software. On initial review, the evidence submitted with the preliminary injunction motion is no more persuasive.  Those submissions are rife with speculation about how unnamed customers might react to the GTO and unrealistic descriptions of the reporting requirement (especially as compared to existing requirements and especially given that Plaintiffs have had over a month to prepare for compliance).  Nothing contradicts or undermines FinCEN's finding that the GTO furthers the purposes of the Bank Secrecy Act.

With respect to the briefing schedule, Defendants originally proposed a similar schedule, while declining to consent to extending the TRO.  *See* ECF No. 21-1 at 8 (in their first proposal, Defendants noted that "[a]fter reviewing the TRO and transcript and beginning to pull together the AR materials, I believe Defendants are not going to consent to any extension of the TRO, but we are prepared to move forward expeditiously on the PI briefing.").  Defendants need the one-week

response time to respond comprehensively to the Amended Complaint filed just Friday evening with multiple new claims and plaintiffs, while pulling together the preliminary injunction opposition.

With respect to the proposed briefing schedule, Defendants propose a few minor modifications. First, Defendants request that the deadline for the submission of the administrative record be rephrased to permit Defendants "to use best efforts to produce public, nonprivileged portions of an administrative record" on the date chosen for the opposition. Defendants have every incentive to produce and certify a full administrative record on the chosen date if at all possible and are trying to do so, but Defendants request this flexibility because the administrative record is being compiled extremely quickly, and because it may contain some information for which disclosure is prohibited under the Bank Secrecy Act or otherwise protected or impracticable to review comprehensively in the limited time available. *See, e.g.*, 31 U.S.C. §5318(g) (prohibition on disclosure of suspicious activity reports). Second, to the extent Plaintiffs are permitted to file a reply brief, Defendants should be permitted to disclose additional defense witnesses after reviewing that reply brief if necessary (which Defendants do not currently anticipate). With these modifications, Defendants propose the following schedule:

- April 25 – Defendants will file their opposition, and will use best efforts to produce public, nonprivileged portions of an administrative record on this date

- April 28 at noon – The parties will disclose any witnesses they intend to present at a hearing (with the caveat that Defendants are permitted to disclose an additional witness by April 29 at 10am after reviewing the reply brief).

- April 29 at 5pm – Plaintiff will file a reply brief.

- Preliminary Injunction hearing – anytime the remainder of that week (although counsel prefer Tuesday, Wednesday, or Thursday).

Alternatively, if the Court determines that the matter must be decided before the TRO expires without extension, Defendants propose that: (1) Defendants file their opposition and use best

efforts to produce public, nonprivileged portions of an administrative record on or before April 23 at noon; (2) Plaintiffs reply by April 24 at 9am; and (3) no hearing be held.  This matter is a challenge to an agency action that will be decided on judicial review of an administrative record in any event.  *See Camp v. Pitts*, 411 U.S. 138, 142 (1973).

Dated:  April 21, 2025                    Respectfully submitted,

                                          YAAKOV ROTH
                                          Acting Assistant Attorney General

                                          STEPHEN M. ELLIOTT
                                          Assistant Director, Federal Programs Branch

                                          /s/Amy E. Powell
                                          AMY E. POWELL
                                          Senior Trial Counsel
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          c/o U.S. Attorney's Office for EDNC
                                          150 Fayetteville St, Suite 2100
                                          Raleigh, NC 27601
                                          Tel.: 919-856-4013
                                          Email:  amy.powell@usdoj.gov

                                          *Counsel for Defendants*