UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TEXAS ASSOCIATION FOR MONEY SERVICES BUSINESSES (TAMSB); HIGH VALUE, INC.; REYNOSA CASA DE CAMBIO, INC.; NYDIA REGALADO d/b/a BEST RATE EXCHANGE; MARIO REGALADO d/b/a BORDER INTERNATIONAL SERVICES; LAREDO INSURANCE SERVICES, LLC; E.MEX. FINANCIAL SERVICES, INC.; R & C, INC. d/b/a TEMEX MONEY EXCHANGE; SAN ISIDRO MULTI SERVICES, INC.; CRIS WIN INC. d/b/a BROWNSVILLE CASA DE CAMBIO; ESPRO INVESTMENT LLC d/b/a LONESTAR MONEY EXCHANGE; and ARNOLDO GONZALEZ, Jr., <br><br>  *Plaintiffs*, <br><br> v. <br><br> PAM BONDI, ATTORNEY GENERAL OF THE UNITED STATES; SCOTT BESSENT, SECRETARY OF THE TREASURY; UNITED STATES DEPARTMENT OF THE TREASURY; ANDREA GACKI, DIRECTOR OF THE FINANCIAL CRIMES ENFORCEMENT NETWORK; and FINANCIAL CRIMES ENFORCEMENT NETWORK, <br><br>  *Defendants*. | Civil Case No. 5:25-cv-00344-FB |

**PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF OPPOSED MOTION
TO EXTEND THE TEMPORARY RESTRAINING ORDER
AND SET A BREIFING SCHEDULE**

The parties generally agree on the briefing schedule, but disagree about whether the TRO should be extended to accommodate such a schedule. Plaintiffs respectfully suggest that an extension is appropriate.

Under Rule 65(b)(2), a TRO may be extended a single 14-day period for "good cause." The government's response does not really address this standard: Plaintiffs' motion cited cases holding that "good cause" is met by the need to accommodate a briefing schedule and to allow for fuller consideration of whether to grant a preliminary injunction. The government does not address those cases or dispute that similar considerations support "good cause" here. This is particularly true given that the government itself has requested time to produce an administrative record, and the proposed schedule accommodates that request.

The government, instead, attempts to revisit the merits of the Court's decision granting a TRO—arguing that Plaintiffs will not actually suffer irreparable harm. All this is beside the point. The question before the Court is not whether a TRO should issue but, rather, whether there is "good cause" to extend it for 14 days based on the practical realities of holding a preliminary injunction hearing as quickly as possible. In any event, the declarations filed along with Plaintiffs' motion for a preliminary injunction readily support a finding of irreparable harm: Arnoldo Gonzalez, the manager of plaintiff High Value, Inc., testified in his declaration that "more than 27%" of transactions require a Currency Transaction Report under the Border Geographic Targeting Order, which translates to at least "8.25 hours of additional paperwork per day" or as much as "13.75 hours per day" "[i]f we also count the time it takes to get information from customers." Doc. 22-1, Gonzalez Dec. ¶¶ 17—18. The government cannot plausibly argue based on the existing record that FinCEN *must have* the CTRs from every Plaintiff here between the expiration of the current TRO and a short extension to accommodate the preliminary injunction hearing. The actual consequences to the government are zero.

Plaintiffs wish to underscore, however, that they will proceed under any schedule the Court deems appropriate, including the alternate schedule proposed by the government under which

2

briefing would conclude before the expiration of the current TRO. If the Court does choose to resolve the preliminary injunction before the TRO expires on April 25, Plaintiffs submit that it would still be appropriate to hold a hearing on the motion, and Plaintiffs would be available for a hearing on April 25 (or any day the Court selects).

Dated: April 21, 2025

Respectfully submitted,

/s/ Christen Mason Hebert
Christen Mason Hebert (TX Bar No. 24099898)
Jeffrey Rowes (TX Bar No. 24104956)*
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org
jrowes@ij.org

Martin Golando
The Law Office of Martin Golando, PLLC
Texas Bar No. 24059153
2326 W. Magnolia
San Antonio, Texas 78201
Office: (210) 471-1185
Email: martin.golando@gmail.com

Roland Gutierrez
The Law Office of Roland Gutierrez
SBN #: 24007291
104 Babcock Ste. 107
San Antonio, Texas 78201
(210) 225-7114

Robert E. Johnson (DC Bar No. 1013390)*
INSTITUTE FOR JUSTICE
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
(703) 682-9320
rjohnson@ij.org

Elizabeth L. Sanz (CA Bar No. 340538)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
bsanz@ij.org

*Attorneys for Plaintiffs Texas Association for Money Services Businesses (TAMSB); Reynosa Casa De Cambio, Inc.; Nydia Regalado d/b/a Best Rate Exchange; Mario Regalado d/b/a Border International Services; Laredo Insurance Services, LLC; E.Mex. Financial Services, Inc.; R & C, Inc. d/b/a Temex Money Exchange; San Isidro Multi Services, Inc.; Cris Win Inc. d/b/a Brownsville Casa De Cambio; and Espro Investment LLC d/b/a Lonestar Money Exchange*

Katrin Marquez (FL Bar No. 1024765)*
INSTITUTE FOR JUSTICE
2 South Biscayne Blvd., Suite 3180
Miami, FL 33131
(305) 721-1600
kmarquez@ij.org

* Pending admission *pro hac vice*

*Attorney for Plaintiffs Arnoldo Gonzalez, Jr., and High Value, Inc.*

3

## CERTIFICATE OF SERVICE

I certify that on April 21, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Christen Mason Hebert
Christen Mason Hebert (TX Bar No. 24099898)
