UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TEXAS ASSOCIATION FOR MONEY SERVICES BUSINESSES (TAMSB); HIGH VALUE, INC.; REYNOSA CASA DE CAMBIO, INC.; NYDIA REGALADO d/b/a BEST RATE EXCHANGE; MARIO REGALADO d/b/a BORDER INTERNATIONAL SERVICES; LAREDO INSURANCE SERVICES, LLC; E.MEX. FINANCIAL SERVICES, INC.; R & C, INC. d/b/a TEMEX MONEY EXCHANGE; SAN ISIDRO MULTI SERVICES, INC.; CRIS WIN INC. d/b/a BROWNSVILLE CASA DE CAMBIO; ESPRO INVESTMENT LLC d/b/a LONESTAR MONEY EXCHANGE; and ARNOLDO GONZALEZ, Jr., <br><br> *Plaintiffs*, <br><br> v. <br><br> PAM BONDI, ATTORNEY GENERAL OF THE UNITED STATES; SCOTT BESSENT, SECRETARY OF THE TREASURY; UNITED STATES DEPARTMENT OF THE TREASURY; ANDREA GACKI, DIRECTOR OF THE FINANCIAL CRIMES ENFORCEMENT NETWORK; and FINANCIAL CRIMES ENFORCEMENT NETWORK, <br><br> *Defendants*. | Civil Case No. 5:25-cv-00344-FB |

**PLAINTIFFS' OPPOSED MOTION FOR ORDER TO SHOW CAUSE REGARDING WITNESS RETALIATION**

## INTRODUCTION

On May 12, 2025, Andres Payan, Jr., testified as a third-party witness in support of Plaintiffs' Motion for a Preliminary Injunction. Two days later, on May 14, 2025, the Internal Revenue Service sent his business a notice that it was being audited for compliance with the very financial surveillance laws that are the subject of this litigation. Given the suspicious timing, Plaintiffs ask the Court to exercise its inherent authority to protect witnesses in its courtroom and issue an order directing the government to show cause for this potential retaliation.

## BACKGROUND

As the Court is aware, Plaintiffs in this case are challenging a "Geographic Targeting Order" that requires Money Service Businesses in thirty zip codes along the border to file reports ("Currency Transaction Reports") for cash transactions over $200. The Court held a preliminary injunction hearing on May 12, 2025. At that hearing, the Court heard testimony from multiple third-party witnesses who are not members of the Texas Association for Money Services Businesses, but who are still subject to the Geographic Targeting Order.

One of those third-party witnesses was Andres Payan, Jr. *See* Tr. of PI Hearing (Doc. 57) at 94–121. Andres runs Payan's Fuel Center, Inc., a Money Services Business in El Paso that is subject to the GTO, *see id.* at 95; because the business is not a member of the Association, it did not benefit from the TRO entered by this Court and also will not benefit from the Court's preliminary injunction. At the hearing, Andres testified about the harm his business is suffering because of the GTO—including the loss of customers (*id.* at 101), mounting paperwork burdens (*id.* at 102), and the business's ultimate suspension of cashing checks while catching up on the required reports (*id.* at 103). The Court summarized Andres' testimony in the Appendix to its decision on the preliminary injunction, and the Court cited that Appendix in the decision itself. *See* Doc. 59 at 22, 34, 38-39.

After the hearing, Andres received a notice from the Internal Revenue Service that his business was being audited for compliance with federal financial surveillance laws—which include the very GTO that is the subject of this litigation. *See* Exhibit A to Decl. of Andres Payan, Jr. in Support of Motion for Order to Show Cause. The notice is for a "BSA examination," meaning a special kind of audit designed to "ensure your money services business complies with the Bank Secrecy Act." *Id.*; *see also id.* ("A BSA examination is not an income tax examination."). As the government has explained in its previous filings in this case, the GTO that is being challenged in this case is part of the overarching Bank Secrecy Act regime. *See* Govt. Resp. to Mot. For Preliminary Injunction (Doc. 31-2) at 2–3.[1] And the audit period extends through April 30, 2025, *see* Exhibit A, meaning that it covers a period of several weeks after the GTO's April 14 effective date. In other words, after testifying in this litigation, Andres received notice that his business was being audited for compliance with the very financial surveillance rule that is at issue in this litigation.[2]

The audit notice is dated May 14, 2025—just two days after Andres testified. *See* Exhibit A. The notice warns that "you may be liable for penalties for failure to comply with the BSA." *Id.*

## ARGUMENT

The Court has inherent power to protect witnesses in its courtroom from retaliation. *See, e.g.*, *United States v. Vasilakos*, 508 F.3d 401, 411 (6th Cir. 2007) ("A federal court's authority to protect the integrity of its proceedings encompasses the authority to take reasonable actions to avoid intimidation or coercion of witnesses."); *Tyner v. Cain*, No. 3:22-CV-257-KHJ-BWR, 2024

---

[1] The notice states that the audit will focus on "the BSA provisions of Title 31 of the United States Code." The GTO at issue in this case was issued under 31 U.S.C. § 5326(a), which is located in the portion of Title 31 of the United States Code where the BSA has been codified.

[2] The IRS is not itself a party to this litigation, but it is a component of the Department of the Treasury—which is a named defendant in this case—and is ultimately overseen by the Secretary of the Treasury—who is also a named defendant in this case.

WL 578775, at *3 (S.D. Miss. Feb. 13, 2024) (court can issue orders to grant witnesses "protection from reprisal for participation in this litigation"). The Court also has inherent authority to sanction parties for conduct that abuses the litigation process. *See Carroll v. Jaques Admiralty L. Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997) ("When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions."). That includes authority to sanction parties for retaliation against witnesses in the litigation. *See, e.g.*, *Harvard v. Inch*, No. 4:19CV212-MW/MAF, 2021 WL 12133089, at *4 (N.D. Fla. Apr. 7, 2021) ("Common sense dictates that this Court has the power to sanction parties for intimidating witnesses to protect its own integrity and to ensure the orderly disposition of a case.").[3]

The Court also has inherent authority to investigate potential misconduct in this litigation by issuing an order to show cause. *See, e.g.*, *Butler v. Collins*, No. 3:18-CV-00037-E, 2022 WL 22890825, at *9 (N.D. Tex. Dec. 2, 2022) (directing party to appear for show cause hearing so that Court could investigate potential misconduct); *Hernandez v. State Farm Lloyds*, No. DR-15-CV-92-AM, 2017 WL 5163366, at *2 (W.D. Tex. Aug. 17, 2017) (noting that court issued sanctions after holding two show cause hearings).

Here, the Court should exercise its inherent authority to direct the government to explain the timing of the audit notice received by Andres Payan, Jr. In recent years, numerous individuals

---

[3] As the U.S. District Court for the Northern District of Florida explained: "For example, in a negligence case, if a defendant threatens an eyewitness with bodily harm, a court has the authority to sanction the defendant. If it did not, then the court could not possibly ensure an orderly disposition of a case … . The same logic applies here. If Plaintiffs can show that Defendants' employees are retaliating or threatening to retaliate against inmates who are participating in this lawsuit, either as potential fact witnesses or potential class members, they may be entitled to sanctions against Defendants under this Court's inherent authority." 2021 WL 12133089, at *4.

and organizations have raised concerns about retaliatory use of IRS audit procedures.[4] These concerns are only heightened by recent statements from the executive branch explicitly threatening retaliation against lawyers and others involved in the judicial system. *See, e.g.*, *Perkins Coie LLP v. U.S. Dept. of Justice*, -- F. Supp. 3d --, 2025 WL 1276857, at *3 (D.D.C. May 2, 2025) ("Using the powers of the federal government to target lawyers for their representation of clients . . . is contrary to the Constitution. . . .That, however, is exactly what is happening here."). Against that backdrop, it is perhaps conceivable that the selection of Andres's business is a coincidence. But, at the very least, the timing raises serious and troubling questions about potential misuse of IRS audit procedures to interfere with proceedings in this Court.[5] As an initial step, the Court should exercise its inherent power to require the government to explain why it decided to audit a witness under the very law that the witness had testified against two days earlier.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7(g), Plaintiffs certify that they have conferred with counsel for the government concerning this Motion and the government states that it is opposed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order directing the government to show cause for this potential retaliation.

---

[4] *See, e.g.*, Michael S. Schmidt, *Comey and McCabe, Who Infuriated Trump, Both Faced Intensive I.R.S. Audits*, N.Y. Times (July 6, 2022); Cybele Mayes-Osterman, *Pete Hegseth accuses Biden, IRS of politically motivated move to rush tax audit*, USA Today (Feb. 18, 2025).

[5] At the hearing, while multiple witnesses testified that they are regularly audited by Texas authorities, witnesses indicated that IRS audits are less regular. *See*, *e.g.*, Tr. of PI Hearing at 54–55 ("So for the Texas Department of Banking … that would be less than 12 months, maybe even about six months or so. … IRS, it's a little bit further out. There's no—I really don't know their schedule."). Andres' business was last audited by the IRS in 2019. *See* Decl. of Andres Payan, Jr. in Support of Motion for Order to Show Cause ¶ 11.

| | |
|---|---|
| Dated: May 23, 2025 | Respectfully submitted, |
| | /s/ Robert E. Johnson |
| Martin Golando | Robert E. Johnson (DC Bar No. 1013390)* |
| THE LAW OFFICE OF MARTIN GOLANDO, PLLC | INSTITUTE FOR JUSTICE |
| Texas Bar No. 24059153 | 16781 Chagrin Blvd., Suite 256 |
| 2326 W. Magnolia | Shaker Heights, OH 44120 |
| San Antonio, Texas 78201 | (703) 682-9320 |
| Office: (210) 471-1185 | rjohnson@ij.org |
| Email: martin.golando@gmail.com | |
| | Jeffrey Rowes (TX Bar No. 24104956)* |
| Roland Gutierrez | Christen Mason Hebert (TX Bar No. 24099898) |
| THE LAW OFFICE OF ROLAND GUTIERREZ | INSTITUTE FOR JUSTICE |
| SBN #: 24007291 | 816 Congress Ave., Suite 970 |
| 104 Babcock Ste. 107 | Austin, TX 78701 |
| San Antonio, Texas 78201 | (512) 480-5936 |
| (210) 225-7114 | jrowes@ij.org |
| | chebert@ij.org |

*Attorneys for Plaintiffs Texas Association for Money Services Businesses (TAMSB); Reynosa Casa De Cambio, Inc.; Nydia Regalado d/b/a Best Rate Exchange; Mario Regalado d/b/a Border International Services; Laredo Insurance Services, LLC; E.Mex. Financial Services, Inc.; R & C, Inc. d/b/a Temex Money Exchange; San Isidro Multi Services, Inc.; Cris Win Inc. d/b/a Brownsville Casa De Cambio; and Espro Investment LLC d/b/a Lonestar Money Exchange*

Elizabeth L. Sanz (CA Bar No. 340538)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
bsanz@ij.org

Katrin Marquez (FL Bar No. 1024765)*
INSTITUTE FOR JUSTICE
2 South Biscayne Blvd., Suite 3180
Miami, FL 33131
(305) 721-1600
kmarquez@ij.org

\* Admitted *pro hac vice*

*Attorneys for Plaintiffs Arnoldo Gonzalez, Jr. and High Value, Inc.*

5

**CERTIFICATE OF SERVICE**

I certify that on May 23, 2025, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Robert E. Johnson