# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TEXAS ASS'N FOR MONEY SERVICES BUSINESSES (TAMSB), *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>PAM BONDI, in her official capacity as Attorney General; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY; ANDREA GACKI, in her official capacity as the Director of the Financial Crimes Enforcement Network; FINANCIAL CRIMES ENFORCEMENT NETWORK,<br><br>*Defendants*. | Civil Action No. SA-25-cv-00344-FB |

## SECOND DECLARATION OF ANDREA GACKI

I, Andrea Gacki, declare the following to be a true and correct statement of facts:

1. I am the Director of the Financial Crimes Enforcement Network ("FinCEN"), a bureau of the U.S. Department of the Treasury ("Treasury"), as explained in my prior declaration in this matter (ECF No. 47-1), which I incorporate herein by reference. In my official capacity as the Director of FinCEN, I supervise all aspects of FinCEN's operations, including FinCEN's implementation of the Bank Secrecy Act ("BSA").[1]

2. Due to the nature of my official duties, I am familiar with the implementation of the BSA's requirements, including FinCEN's enforcement of those requirements and the examination of financial institutions for compliance with these requirements.

---

[1] The BSA is codified at 12 U.S.C. §§ 1829b, 1951-1960 and 31 U.S.C. §§ 5311-5314, 5316-5336, including notes thereto. Regulations implementing the BSA appear at 31 C.F.R. Chapter X.

3. I make this declaration in response to the court's order to show cause dated May 27, 2025 (ECF No. 62). The statements I make in this declaration are based on my personal knowledge, on information made available to me in my official capacity, and on conclusions reached and determinations made in accordance therewith.

4. Overall authority for enforcement and compliance with the BSA lies with me as the Director of FinCEN, and in this capacity I may impose civil penalties for violations of the BSA and its implementing regulations.[2] The authority to examine financial institutions to determine compliance with the BSA and its implementing regulations, however, has been delegated to certain other federal agencies.

5. The Commissioner of Internal Revenue ("Commissioner") has been delegated authority to examine all financial institutions not currently examined by Federal bank supervisory agencies for soundness and safety (except brokers or dealers in securities, mutual funds, futures commission merchants, introducing brokers in commodities, and commodity trading advisors) to determine their compliance with the BSA and its implementing regulations.[3] This delegation to the Internal Revenue Service ("IRS") includes the examination of money services businesses ("MSBs," as defined in the BSA regulations at 31 C.F.R. § 1010.100(ff)) and other non-bank financial institutions (NBFIs) for compliance with the BSA and its implementing regulations including, as applicable, FinCEN geographic targeting orders.

6. To promote effective and uniform application of the BSA and FinCEN regulations, FinCEN assists and supports the federal agencies, including the IRS, that examine

---

[2] 31 U.S.C. § 5321(a); 31 C.F.R. §§ 1010.810(a), (d); *see* Treasury Order 180-01 (July 1, 2014, reaff'd Jan. 14, 2020).
[3] 31 C.F.R. § 1010.810(b)(8).

2

financial institutions for BSA compliance. For example, FinCEN offers these agencies guidance on FinCEN's interpretation of its regulations implementing the BSA. FinCEN also receives periodic reports from these agencies regarding their examinations as well as referrals from examining agencies regarding significant BSA violations or deficiencies.[4]

7.   The IRS, through its Small Business/Self-Employed Division (IRS SB/SE), however, determines which financial institutions are scheduled for BSA examination consistent with the processes set forth in the Internal Revenue Manuals (IRM). In general, IRS SB/SE manages the process of selecting financial institutions (including MSBs and NBFIs) for examination as set forth in the IRM.[5]

8.   On an *ad hoc* basis, FinCEN may identify and refer financial institutions to IRS SB/SE for potential examination. As noted in the IRM, these referrals are only one of many factors that IRS SB/SE utilizes to make risk-based decisions about which financial institutions undergo examinations.[6] As further described in the IRM, IRS SB/SE maintains a Title 31 Coordinator whose general responsibilities include identifying priority cases, which may include those "needed for . . . geographic targeting orders."[7] IRS SB/SE also maintains a Compliance Initiative Coordinator whose duties include receiving approved lists of compliance initiative exams, which may also relate to geographic targeting orders from FinCEN.[8]

---

[4] *See* 31 C.F.R. § 1010.810(e).

[5] *See* IRM 4.26.3, "Examining Process, Bank Secrecy Act, Examination Case Selection (ECS)."

[6] *See* IRM 4.26.3.2.4.1, "Title 31 Case Selection Factors."

[7] *See* IRM 4.26.3.2.2, "Title 31 Program Administration."

[8] *See* IRM 4.26.3.2.10, "Compliance Initiative Coordinator."

9. FinCEN, however, has made no examination referrals to IRS SB/SE related to the March 11, 2025, geographic targeting order at issue in this case. Likewise, FinCEN has made no examination referral related to Payans Fuel Center, Inc., in particular.

10. On May 23, 2025, I was informed that Plaintiffs had indicated the IRS was examining an MSB affiliated with a witness in this matter, Payan's Fuel Center, Inc., for BSA compliance. I was not aware of this examination until after Plaintiffs contacted Defendants' counsel on May 23, 2025, regarding the matter.

11. Thus, to the best of my knowledge, the IRS determined to examine Payan's Fuel Center, Inc. on its own initiative, and FinCEN had no involvement in IRS's decision to examine Payan's Fuel Center, Inc., for BSA compliance or to send Payan's Fuel Center, Inc., any examination letter. FinCEN did not direct, coordinate, or consult on any such action, and is not retaliating against Payan's Fuel Center, Inc., Andy Payan, Jr., any witness in this matter, or any business or individual otherwise associated with Plaintiffs.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 5, 2025.

Andrea Gacki
Director
Financial Crimes Enforcement Network (FinCEN)