# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TEXAS ASS'N FOR MONEY SERVICES BUSINESSES (TAMSB), *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>PAM BONDI, in her official capacity as Attorney General; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY; ANDREA GACKI, in her official capacity as the Director of the Financial Crimes Enforcement Network; FINANCIAL CRIMES ENFORCEMENT NETWORK,<br><br>*Defendants*. | Civil Action No. 25-cv-344 |

## DECLARATION OF KHLOE WILLIAMS

Pursuant to 28 U.S.C. § 1746, I, Khloe Williams, (a pseudonym) declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1. Khloe Williams is a pseudonym I use in my official capacity as an employee of the IRS. This pseudonym—used for privacy and safety reasons—has been registered with the IRS, in accordance with IRS procedures (Internal Revenue Manual 1.2.4), and all IRS procedures governing the use of pseudonyms have been followed.

2. I am a duly commissioned Internal Revenue Agent ("Revenue Agent"), in the Internal Revenue Service's ("IRS") Small Business Self Employed Division (SB/SE) Bank Secrecy Act ("BSA") Examination group.

3. I have been an employee at the IRS since September 2021. Prior to my current position, I held the position of Foreign Audit Specialist II for the State of Alabama. I was employed with the State of Alabama from August 2011 until September 2021.

4. In my current role as a Revenue Agent in BSA, I am responsible for conducting examinations of financial institutions and non-financial trades or businesses to assure their compliance with statutory and regulatory requirements of the BSA.

## BACKGROUND

5. Section 1010.810(b)(8) of the Title 31 regulations delegates to the IRS authority to examine certain financial institutions, including money service businesses (MSBs), to determine compliance with the BSA requirements. Most entities, including MSBs, under IRS' examination authority are commonly referred to as Non-Bank Financial Institutions (NBFIs). IRS has the delegated authority to examine banks and NBFIs for compliance with the BSA that are not examined by federal bank supervisory agencies or other federal functional regulatory agencies, as defined in 31 CFR 1010.100, the general definitions of FinCEN's regulations implementing the BSA. In connection with this authority, BSA Examination conducts examinations for which IRS has such BSA examination authority.

6. As a general matter, IRS employees follow the Internal Revenue Manual ("IRM"), which is a compilation of IRS policies, procedures and guidelines. IRM 1.11.6.2(1) (03-23-2022).

7. The purpose of the IRM is to provide instructions to staff with respect to administration and operation of the IRS for all business units in administering tax laws and other agency obligation. IRM 1.11.6.2(2) (03-23-2022).

8. BSA Examination are conducted pursuant to section 4.26.6 of the IRM, which provides for examiners responsibilities for assessing compliance of NBFIs (including MSBs) with the registration, reporting, recordkeeping, and anti-money laundering program requirements under the BSA.

## CURRENT EXAMINATION OF PAYAN'S FUEL CENTER

9. On May 23, 2025, I was contacted by IRS Chief Counsel for the case history for Payan's Fuel Center, Inc. On that date, I was made aware the request was related to a pending court case. That was the first date on which I became aware of the existence of the above-captioned case.

10. On May 29, 2025, I received a copy of the Show Cause Order for the above-captioned case, case no. 5:25-cv-00344-FB. The Order states to show cause why the audit notice received by the business of Andres Payan, Jr. does not constitute unlawful retaliation for the testimony of Mr. Payan in that case's litigation and whether such audit notices are sent to others similarly situated.

11. In connection with my duties as a Revenue Agent, I was assigned Payan's Fuel Center, Inc.'s electronic case file and conducted the below actions.

    i. On April 28, 2025, I was assigned Payan's electronic case file, through the SB/SE BSA Electronic Case Management email address. In June of 2025, I learned additional information related to this examination. I learned that this case was originally assigned in June of 2024 to a colleague (a different BSA examiner) within

      my examination group. I understand that this other agent's workload at the time prevented him from starting this examination. Then in April 2025, that agent indicated to our group manager he would be leaving government service. I understand that our manager reassigned his caseload to others in my examination group, which included this case.

  ii. On May 12, 2025, I conducted an initial review of Payan's' electronic case file and determined that while IRS Criminal Investigation previously deconflicted this taxpayer (meaning Payan's Fuel Center, Inc. was not involved in a criminal matter pending with the IRS), such deconfliction had expired and needed to be updated, in accordance with IRM 4.26.6.5.1.

  iii. On May 13, 2025, I received confirmation that IRS Criminal Investigation deconflicted this taxpayer, meaning there was no pending criminal action.

  iv. Based on pre-planning research conducted and prior examination violations with respect to this taxpayer, I determined the case should be examined in accordance with IRM 4.26.6, considering the factors including geographical location, types of products and services, employees, and previous examination history. This preliminary risk assessment performed led me to believe another examination was warranted. The entity's history of prior violations suggested ongoing weaknesses in its compliance program and controls. I completed a pre-plan analysis based on IRM 4.26.6.5.1.

  v. On May 14, 2025, I prepared to proceed with my initial contact of the taxpayer in accordance with IRM 4.26.6.5.2. This included preparing and mailing BSA Appointment Letter 4313 and initial Information Document Request. This appointment letter set an initial appointment date for June 17, 2025. The letter was not returned as undeliverable.

  vi. On May 20, 2025, Mr. Andres Payan called me and left me a voicemail message at the number listed on the BSA Appointment Letter 4313. The voicemail from Andres Payan confirmed his receipt of the initial appointment letter.

  vii. On May 22, 2025, I returned Mr. Payan's telephone call and left a voicemail.

12. There is not anything in the case file or on IRS systems that indicates Andres Payan, Jr. or Payan's Fuel Center, Inc.'s involvement in case no. 5:25-cv-00344-FB.

13. Prior to May 23, 2025, I was not aware of Andres Payan Jr. or Payan's Fuel Center, Inc.'s involvement in case no. 5:25-cv-00344-FB. Accordingly, his involvement in that case could not have played any role in my determination and in fact did not. Rather, I followed the requirements of the IRM and my ordinary practices.

14. The initial examination period was established in accordance with IRM 4.26.6.5.1.1, which outlines how the examination is to be established and conducted.

15. The Information Document Request (IDR) was issued in accordance with IRM 4.26.6.5.2, which outlines which letter is to be mailed, including relevant dates, and enclosures. This is not discretionary; the IRM explicitly states which letters and enclosures to include for each type of examination (i.e., casinos, large money service businesses). Additionally, IRM 4.26.9 provides examples of IDRs to use for each type of entity being audited.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this __6___ day of June 2025.

_____
Khloe Williams
Internal Revenue Agent
Internal Revenue Service

Digitally signed by Khloe Williams
Date: 2025.06.06 06:28:21 -05'00'