**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| TEXAS ASS'N FOR MONEY SERVICES BUSINESSES (TAMSB), *et al.*,<br><br>     Plaintiffs,<br><br>       v.<br><br>PAMELA BONDI, in her official capacity as Attorney General; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY; ANDREA GACKI, in her official capacity as the Director of the Financial Crimes Enforcement Network; FINANCIAL CRIMES ENFORCEMENT NETWORK,<br><br>     Defendants. | Civil Action No. 25-cv-344 |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL, OR IN THE ALTERNATIVE, TO SET A BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS**

Defendants respectfully propose that further proceedings in this Court be stayed pending resolution of the appeal. The Fifth Circuit's rulings on purely legal issues could control the outcome of this case, and at a minimum, the Court of Appeals' decision will be relevant to proceedings in this Court. A stay of proceedings will accordingly promote efficiency and conserve judicial and party resources.

In the alternative, if the stay is denied, Defendants propose the following briefing schedule for dispositive motions: Plaintiffs' Motion for Summary Judgment to be filed August 6; Government Opposition and Cross-Motion to Dismiss or for Summary Judgment to be filed September 12; Plaintiffs' Opposition and Reply to be filed October 13; Government Reply to be

filed November 3.  Defendants further propose that no answer need be filed while the dispositive briefing proceeds.

Undersigned counsel has conferred with Plaintiffs' counsel, who opposes a stay of proceedings but does not oppose the alternative relief and has agreed to the proposed alternative briefing schedule.

## BACKGROUND

The background in this matter up to the date of the preliminary injunction is set forth in the Court's Order Granting Plaintiffs' Motion for a Preliminary Injunction dated May 19, 2025. See ECF No. 59, at 4-13.  On June 13, 2025, the Government filed a Notice of Appeal, appealing the preliminary injunction.  ECF No. 68.  Plaintiffs have cross-appealed the scope of the preliminary injunction.  ECF No. 69.  The Court of Appeals for the Fifth Circuit granted the Government's unopposed motion to expedite the appeal.  *Texas Association v. Bondi*, No. 25-50481 (5th Cir. July 9, 2025).  Meanwhile, the preliminary injunction is in effect and protects the interests of the Plaintiffs in this case.[1]  Absent a stay of proceedings or other relief, Defendants' response to the Amended Complaint is due July 16, 2025, and the Court has directed the parties to meet and confer and file a proposed scheduling order on or before, July 11, 2025.  *See* ECF No. 66.  Counsel have begun conferring for the purpose of filing that report regardless.

---

[1] Other litigation on the subject of FinCEN's Geographic Targeting Order continues at this time. A court in California also entered a preliminary injunction, and the Government has filed an appeal in that matter as well, and the court of appeals entered an expedited briefing schedule. *See Novedades y Servicios, Inc. v. FinCEN*, No. 3:25-cv-886 (S.D. Cal.); *Novedades y Servicios, Inc. v. FinCEN*, No. 25-4238 (9th Cir. docketed July 9, 2025).  A court in the El Paso division of this court issued a temporary restraining order for the plaintiffs in that action, and the parties are currently briefing a preliminary injunction; plaintiffs there have also filed a motion for summary judgment. *See Valuta Corp., et al. v. FinCEN, et al.*, No. 3:25-cv-191 (W.D. Tex).

**STANDARD**

"The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). Consistent with this "power to control its own docket," a district court "has broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 707 (1997); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (court may stay proceedings in the interest of "economy of time and effort for itself, for counsel, and for litigants"). "When deciding whether to stay a case pending a higher court's decision," the Court considers three factors: (1) "whether a stay will simplify the issues in question and trial of the case"; (2) "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party"; and (3) "whether discovery is complete and whether a trial date has been set." *NetChoice, LLC v. Paxton*, 2021 WL 7081434, at *1 (W.D. Tex. Dec. 9, 2021) (quoting *Bilberry v. JPMorgan Chase Bank*, *N.A.*, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021); *Dwyer v. USAA Savings Bank*, 2017 WL 7805760, at *1 (W.D. Tex. 2017)).[2]  "A stay is generally appropriate if the motion for a stay is made early in the proceedings and … is unlikely to prejudice the plaintiff." *Dwyer*, 2017 WL 7805760, at *1.

**DISCUSSION**

I.      **The Court Should Stay Proceedings Pending Appeal**

Here, a stay will benefit the parties and the Court because the issues on appeal regarding the likelihood of success on the merits are likely to clarify significantly the issues remaining for judicial resolution, and could have controlling effect. For example, on appeal, the parties will brief

---

[2] At other times, courts appear to have applied the factors for a stay of an injunction instead of the above-cited three factors. *See, e.g., Doe v. Gipson*, No. 1:23-CV-463-RP, 2024 WL 4932537, at *2 (W.D. Tex. June 6, 2024) (citing *Nken v. Holder*, 556 U.S. 418, 425–26 (2009)). Either standard is satisfied here for the proposed stay of proceedings.

whether FinCEN was likely required to undertake notice-and-comment rulemaking and whether FinCEN likely exceeded its statutory authority in issuing the GTO. Rather than re-briefing the same issues in the district court on the basis of the same record, the Court should wait for the Court of Appeals to rule, thereby resolving or clarifying the issues for review in this Court. Similarly, Plaintiffs have cross-appealed the scope of the injunction, and that issue is squarely before the Court of Appeals. A stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good, if not an excellent" reason to stay proceedings. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). Pressing on with such proceedings would therefore be an inefficient use of the parties'—and, more importantly, the Court's—time and resources. *See Coker v. Select Energy Servs.*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) (concluding that a stay of district court proceedings was warranted in part because it would help "avoid expending unnecessary judicial resources"); *Accident Ins. Co. v. Classic Bldg. Design, LLC*, No. 2:11-cv-33, 2012 WL 4898542, at *2 (S.D. Miss. Oct. 15, 2012) ("[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary." (citation omitted)); *see also* Order, *Louisiana v. CDC*, 22-cv-885, ECF No. 158 (W.D. La. Oct. 4, 2022) (granting stay of proceedings pending appeal of denial of preliminary injunction in APA case); Mem. Order at 5-6, *Chambless Enter. LLC v. Redfield*, No. 20-cv-1455, ECF No. 52 (W.D. La. Apr. 19, 2021) (same).

Moreover, Plaintiffs are not prejudiced by the stay in district court. Plaintiffs are fully protected by the preliminary injunction (and Defendants are vindicating their interests in the Court of Appeals). Plaintiffs apparently intend to continue attempting to persuade this Court that it should expand the preliminary injunction – without waiting for the Fifth Circuit to rule on the issue

– and therefore may believe that a stay injures regulated MSBs not parties to this action.  As an initial matter, Plaintiffs' ongoing quest for nationwide relief is unrelated to the standard for granting a stay of proceedings, which questions whether the *parties* are prejudiced.  Plaintiffs are not arguably prejudiced in light of the stay.  Even if the Government and the Court were wrong about that, Plaintiffs are currently seeking to expand the injunction in the Court of Appeals.  There is no need to relitigate the issue here.

This Court has now twice rejected Plaintiffs' efforts to seek an expansive nationwide or statewide injunction, and there is no need to revisit that question now.  Even if the Court did want to consider the question at final judgment, recent events further support the conclusions reached by the Court.  The Supreme Court recently reaffirmed that the constitutional limits on the Court's equitable power allow it to "administer complete relief *between the parties*[,]" not to grant relief to nonparties.  *Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631, at *11 (U.S. June 27, 2025) (internal quotation marks omitted, emphasis in original); *see also Gill v. Whitford*, 585 U.S. 48, 72–73 (2018) ("A plaintiff's remedy must be tailored to redress *the plaintiff's* particular injury").[3]

Finally, discovery has not yet commenced, nor other key dates set; so the stay does not disrupt current schedules.  Accordingly, Defendants have demonstrated the factors justifying a stay of proceedings.  A proposed order is attached.

---

[3] The APA's § 705 likewise explicitly incorporates the constitutional and equitable limitations on non-party relief.  *See* 5 U.S.C. § 705 (permitting a court to stay agency action only "to the extent necessary to prevent irreparable injury"); *cf.* H.R. Rep. No. 79-1980, at 43 (1946) (recognizing § 705 relief "would normally, if not always, be limited to the parties complainant").  Although the Fifth Circuit has held that Section 706 authorizes "vacatur" of agency actions, *see Texas v. United States,* 126 F.4th 392, 418 (5th Cir. 2025), the text of the statute does not, *United States v. Texas*, 599 U.S. 670, 695 (2023) (Gorsuch, J., concurring in the judgment), and in any event, even in the cited case upholding vacatur, the Fifth Circuit limited relief to the party which had demonstrated an injury, *see Texas*, 126 F.4th at 421.

## II.    In The Alternative, the Court Should Set a Schedule for Briefing Dispositive Motions.

If the Court is not inclined to stay proceedings pending full resolution of the appeal, Defendants respectfully request in the alternative that the Court grant their unopposed motion to set a briefing schedule, holding in abeyance any obligation to answer until cross-motions are resolved.  Counsel for the parties have conferred and agreed on the following schedule: Plaintiffs' Motion for Summary Judgment to be filed August 6; Government Opposition and Cross-Motion to Dismiss or for Summary Judgment to be filed September 12; Plaintiffs' Opposition and Reply to be filed October 13; Government Reply to be filed November 3.  Defendants further propose that no answer need be filed while the dispositive briefing proceeds.

## CONCLUSION

Defendants respectfully request a stay of proceedings pending final resolution of the appeal in this matter. If the Court is not inclined to stay proceedings pending appeal, Defendants respectfully request that the agreed-upon briefing schedule be entered in lieu of filing an answer.

Dated July 10, 2025                         Respectfully submitted

                                    BRETT SHUMATE
                                    Assistant Attorney General

                                    STEPHEN M. ELLIOTT
                                    Assistant Director, Federal Programs Branch

                                    */s/ Amy E. Powell*
                                    AMY E. POWELL
                                    Senior Trial Counsel
                                    United States Department of Justice
                                    Civil Division, Federal Programs Branch
                                    c/o U.S. Attorney's Office for EDNC
                                    150 Fayetteville St, Suite 2100

Raleigh, NC 27601
Tel.: 919-856-4013
Email:  amy.powell@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on July 10, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Amy E. Powell

AMY E. POWELL